UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE: LETTER OF REQUEST FOR
JUDICIAL ASSISTANCE FROM THE
SUBDIVISION NO. 2, DIVISION A,
OF THE FEDERAL TAX COURT
OF THE ARGENTINE REPUBLIC            CASE NO. 3:17-mc-19-J-39MCR
IN MATTER OF FRIGORIFICO
RIOPLATENSE S.A.I.C.I.F.
Reference Number 2984/2015
DJ Reference Number 189-44-16-33
_____/

## ORDER

**THIS CAUSE** is before the Court on the United States of America's Application for Appointment of Commissioner Under 28 U.S.C. § 1782 ("Application") (Doc. 1). For the reasons stated herein, the Application is due to be **GRANTED**.

Pursuant to 28 U.S.C. § 1782, the United States seeks an Order appointing Assistant United States Attorney Shea Gibbons as a Commissioner for purposes of gathering the requested evidence and taking all other necessary actions, including issuing necessary subpoenas and correspondence, to provide the assistance requested in the Letters Rogatory issued by the Federal Tax Court of the Argentine Republic regarding the matter of Frigorifico Rioplatense S.A.I.C.I.F, Reference No.: 2984/2015, pursuant to the Convention of 18 March 1970 on the Taking Evidence Abroad in Civil or Commercial Matters.[1] In the Letters Rogatory,

---

[1] The United States signed the Hague Convention on July 27, 1970, and it entered
(continued...)

the court in the Argentine Republic has requested that the United States obtain certain documents and information from Merrill Lynch/The Buckley Benell Group, located at 701 Brickell Avenue, Miami, Florida 33131,[2] for the status of the balance on account No. 12M-07W37 for various months in 2007 and 2008, to be used in the pending litigation of *In the matter of Frigorifico Rioplatense*, Reference No.: 2984/2015.

Section 1782 authorizes this Court to order the production of evidence for use in a foreign tribunal. Notably, the legislative history of 28 U.S.C. § 1782 reveals that it was drafted to assist foreign tribunals in resolving foreign disputes, and Congress intended to "strengthen the power of the district courts to respond to requests for international assistance." *In re Clerici*, 481 F.3d 1324, 1331 (11th Cir. 2007). Pursuant to § 1782(a), the Court has "authority to grant a request for judicial assistance when the following four requirements are met":

> (1) the request must be made by a foreign or international tribunal, or by any interested person; (2) the request must seek evidence, whether it be the testimony or statement of a person or the production of a document or other thing; (3) the evidence must be for use in a proceeding in a foreign or international tribunal; and (4) the

---

[1](...continued)
into force with respect to the United States on October 7, 1972. *See* TIAS No. 7444, 23 U.S.T. 2555, 1972 WL 122493. The Argentine Republic is also a party to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters. Travel.State.Gov, Legal Considerations, Int'l Judicial Assistance, Country Information, Argentina, https://travel.state.gov (last visited on September 15, 2017).

[2] Merrill Lynch's corporate offices for acceptance of subpoenas for account information are located in Jacksonville, Florida. (Doc. 1 at 5 n.4.)

person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance.

*Id.* at 1331-32 (internal citations omitted).

Here, the four statutory requirements are met. However, even when the requirements of § 1782 have been satisfied, the Court is not required to allow the discovery. *In re Application of Consorcio Ecuatoriano de Telecomunicaciones S.A.*, 747 F.3d 1262, 1271 (11th Cir. 2014). Instead, the Court must consider several factors and exercise its discretion as to whether to permit the discovery. *In re Clerici*, 481 F.3d at 1334 (citing *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004)). These factors are:

> (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," because "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is otherwise "unduly intrusive or burdensome."

*Id.* at 1334 (quoting *Intel*, 542 U.S. at 264-65).

All of these factors also support granting the Application. First, Merrill Lynch is not a party to the foreign litigation and would not be subject to discovery in the Argentine Republic. Second, the courts in the Argentine Republic appear receptive to U.S. court assistance by ratifying the Convention on the Taking

3

Evidence Abroad in Civil or Commercial Matters. Third, the request does not appear to attempt to circumvent foreign proof-gathering restrictions, and the Right to Financial Privacy Act, 12 U.S.C. § 3401 *et seq.*, does not seem to apply to this request under § 1782. Finally, the request does not appear to be unduly intrusive or burdensome. Based on the foregoing, the Court finds that granting the Application would promote the twin aims of § 1782 by (1) providing an efficient means of assistance to foreign countries and (2) encouraging foreign countries by example to provide similar means of assistance to our courts. *See Metallgesellschaft v. Hodapp*, 121 F.3d 77, 79 (2d Cir. 1997).

Accordingly, it is **ORDERED**:

The Application (**Doc. 1**) is **GRANTED**. Assistant United States Attorney Shea Gibbons is hereby appointed as a Commissioner for the purpose of administering any necessary oaths, making any necessary certifications, issuing any necessary subpoenas, and taking all other necessary actions to provide the assistance requested in the Letters Rogatory issued by the Federal Tax Court of the Argentine Republic regarding the matter of Frigorifico Rioplatense S.A.I.C.I.F, Reference No.: 2984/2015.

**DONE AND ORDERED** at Jacksonville, Florida, on September 15, 2017.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record